UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| M. HELEN BERNSTEIN, ) | Case No.: 13-CV-01701-LHK |
| ) | |
| Plaintiff, ) | ORDER GRANTING MOTION FOR |
| v. ) | LEAVE TO AMEND; DENYING AS |
| ) | MOOT MOTIONS TO DISMISS |
| APOLLO GROUP, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Currently before the Court is Plaintiff's Motion for Leave to File First Amended Complaint. ECF No. 45. On July 11, 2013, Defendants Apollo Group, Inc. and Phoenix, Inc. (collectively, "Defendants") filed a Statement of Non-Opposition to Plaintiff's Motion for Leave to File First Amended Complaint. ECF No. 46. Pursuant to Local Civil Rule 7-1(b), the Court finds this motion to be appropriate for determination without oral argument.

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it. *See* Fed. R. Civ. P. 15(a)(1). After that initial period has passed, amendment is permitted only with the opposing party's written consent or leave of the court. *See* Fed. R. Civ. P. 15(a)(2). Rule 15 instructs that "[t]he court should freely give leave when justice so requires." *Id.* Although this rule "should be interpreted with extreme liberality, leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal quotation marks and citation omitted).

Courts commonly consider four factors when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (same). Of these factors, prejudice to the opposing party is the most important. *Jackson*, 902 F.2d at 1387. In addition, a court may consider whether the plaintiff has previously amended his complaint. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987). Where a court has already provided the plaintiff with one or more opportunities to amend her complaint, the court's discretion over further amendments is particularly broad. *Id.*

The Court finds that granting leave to amend is appropriate in this case. First, there is no allegation of bad faith. Second, Plaintiff did not engage in undue delay. Third, granting leave to amend will not prejudice Defendants as Defendants are not opposing this motion. Finally, there is no reason to believe that amending the motion will prove futile. Accordingly, having considered the parties' submissions and the relevant law, the Court GRANTS Plaintiff's Motion for Leave to File First Amended Complaint.

Accordingly, Defendants' Motion to Dismiss Plaintiff's Complaint and Motion to Strike Amendment to Complaint, ECF No. 13, and Defendants' Amended Motion to Dismiss Plaintiff's Complaint and Motion to Strike Amendment to Complaint, ECF No. 19, are hereby DENIED as moot. Likewise, the hearing on these motions, which is currently scheduled for October 10, 2013, is hereby VACATED.

Defendants shall have twenty-one (21) days from the date of this Order to respond to Plaintiff's First Amended Complaint.

**IT IS SO ORDERED.**

Dated: July 17, 2013

_____
LUCY H. KOH
United States District Judge