IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| M. HELEN BERNSTEIN,<br><br>    Plaintiff,<br><br>v.<br><br>APOLLO GROUP, INC., et al.,<br><br>    Defendant. | Case No. 5:13-CV-01701-LHK<br><br>**ORDER (1) GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART; (2) DENYING MOTIONS FOR JOINDER; (3) DENYING MOTIONS FOR ISSUANCE OF SUBPOENAS; AND (4) DENYING MOTIONS TO COMPEL DISCOVERY**<br><br>**[Re: ECF Nos. 55, 96-97, 99, 101, 105-06, 160-65, 169-71, and 173-82]** |

Before the Court are (1) a motion to dismiss brought by Defendants Apollo Group, Inc. ("Apollo") and University of Phoenix, Inc. ("Phoenix") with respect to the operative first amended complaint ("FAC") of Plaintiff M. Helen Bernstein ("Bernstein") , ECF No. 55; (2) motions for joinder brought by Bernstein and non-party Nancy Tarleton, ECF Nos. 96-97, 99, and 101; (3) Bernstein's motions for issuance of subpoenas, ECF Nos. 105-06; and (4) Bernstein's motions to compel discovery from Defendants and third parties, ECF Nos. 160-65, 169-71, and 173-82. Upon consideration of the briefing[1] and for the reasons set forth below, the Court GRANTS the motion to

---

[1] This matter was submitted without oral argument pursuant to Civil Local Rule 7-1(b).

United States District Court
For the Northern District of California

dismiss with leave to amend in part and without leave to amend in part, DENIES the motions for joinder, DENIES the motions for issuance of subpoenas, and DENIES the motions to compel discovery.

**I. BACKGROUND**

Defendant Apollo provides educational programs at the high school, college, and graduate levels. FAC ¶ 5, ECF No. 49. Apollo's subsidiary, Defendant Phoenix, offers associates, bachelors, masters, and doctoral degree programs in a number of fields, including criminal justice. *Id.* ¶ 6. Bernstein received a Bachelor of Science in Criminal Justice Administration from Phoenix in 2006 and "completed online classes for Masters of Justice and Security Administration" in 2008. *Id.* ¶ 3. However, Bernstein was unable to obtain a job in the criminal justice field. *Id.* ¶ 8. On April 16, 2013, Bernstein filed the present action, asserting claims against Apollo and Phoenix for fraud, breach of contract, unjust enrichment, and breach of the implied covenant of good faith and fair dealing. ECF No. 1. The thrust of all the claims was that Bernstein relied upon Phoenix's representations and promises that she would be able to obtain a job in the criminal justice field after obtaining a degree, but in fact she was not able to obtain such a job. *Id.*

Shortly after filing the complaint, Bernstein filed an amendment to the complaint adding two plaintiffs, John L. Bernstein III and John L. Bernstein IV. ECF No. 11. Defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted and moved to strike the amendment. ECF No. 13. After those motions were briefed but before they were ruled upon, Bernstein sought leave to amend the complaint. ECF No. 45. Defendants filed a statement of non-opposition. ECF No. 46. The Court thereafter granted Bernstein leave to amend and denied Defendants' pending motions to dismiss and to strike as moot. ECF No. 47.

On July 17, 2013, Bernstein filed the operative FAC. ECF No. 49. The FAC is brought on behalf of Bernstein only; it does not name John L. Bernstein III and John L. Bernstein IV as plaintiffs. *Id.* The FAC, which is sixty-six pages in length excluding numerous exhibits, asserts claims for: (1) fraud; (2) breach of contract; (3) unjust enrichment; (4) breach of the implied

covenant of good faith and fair dealing; (5) fraudulent concealment; (6) reliance; (8)[2] intentional infliction of emotional distress; (9) negligent infliction of emotional distress; (10) false promise; (11) intentional misrepresentation; (12) negligent misrepresentation; (13) opinions as statement of fact; (14) violation of the Higher Education Act of 1965; and (15) invasion of privacy.  Once again, the main thrust of Bernstein's claims is that Defendants made false statements "concerning the benefit that degrees from their learning institution impact [sic] would have once [sic] completed bachelors and masters degree."  FAC ¶ 109, ECF No. 49.  Bernstein also complains that Phoenix advised students that they could use the school's learning resources centers for the rest of their lives but then issued a "recantation retraction of this term and condition of contract."  *Id.* ¶ 113.  Bernstein alleges that Defendants have been unjustly enriched because she and other students "have received no return on their investment in education in an institution with a poor reputation, credits are not transferable, humiliation concerning family members for deception."  *Id.* ¶ 115.  She asserts that she has suffered emotional distress as a result of Defendant's conduct, *id.* ¶¶ 128, 131, and that Defendants' conduct is in violation of the Higher Education Act, *id.* ¶¶ 141.  Finally Bernstein claims that her privacy was invaded when a Phoenix employee was "peering over Plaintiff's shoulder at confidential case and medical information Plaintiff was copying scolding her that this was not academic related."  *Id.* ¶¶ 143.

Defendants once again move for dismissal of Bernstein's pleading for failure to state a claim upon which relief may be granted.  Bernstein opposes that motion[3] and seeks leave to join Krislee Cardinal Hall ("Hall") and Nancy Tarleton ("Tarleton") as plaintiffs.  Tarleton also has filed motions for joinder.  Finally, Bernstein has filed motions for issuance of subpoenas and to compel

---

[2] There is an error in the numbering of the claims.  The first six claims are labeled sequentially.  However, the seventh claim is mislabeled as the "Eighth" claim, the eighth claim is mislabeled as the "Ninth" claim, and so on.  Thus it appears at first glance that the FAC asserts fifteen claims when actually there are only fourteen claims.  The Court refers to the claims as labeled; thus, this order addresses Claims 1-6 and 8-15, as there is no Claim 7.

[3] Bernstein filed both an opposition and a "Sur-Reply Objection" to Defendants' reply.  *See* ECF No. 115.  This Court's Civil Local Rules authorize the filing of an objection to new evidence that has been submitted in a reply.  Civ. L.R. 7-3(d)(1).  Such objection must be limited to objecting to new evidence and may not include further argument on the motion.  *Id.*  Bernstein's "Sur-Reply Objection" is not limited strictly to addressing new reply evidence, and it does include some further argument on the motion.  However, given Bernstein's *pro se* status and her compliance with requirements regarding timing and page limits, the Court in the exercise of its discretion has considered the "Sur-Reply Objection."

discovery from Defendants and third parties. Defendants oppose Bernstein's motions for joinder and to compel discovery.

## II. MOTION TO DISMISS

### A. Legal Standard

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Complaints drafted by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court has an obligation to construe *pro se* pleadings liberally and to afford the plaintiff the benefit of any doubt. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). "A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (internal quotation marks and citation omitted). "'[B]efore dismissing a *pro se* complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively.'" *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### B. Discussion

Even applying the liberal pleading standards set forth above, all of Bernstein's claims are

subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons discussed below. The Court has grave reservations whether Bernstein can cure the pleading defects noted herein even if afforded an opportunity to do so. Bernstein has amended her pleading once with leave of the Court, and still has not set forth a single viable claim. However, because she has not yet had the benefit of a detailed order from the Court describing the pleading's deficiencies in detail, the Court will grant Bernstein one more opportunity to amend those of her claims that are not clearly barred. *See Akhtar*, 698 F.3d at 1212.

The Court observes that Bernstein's opposition and "Sur-Reply Objection" assert facts that are not alleged in the FAC. When addressing a motion to dismiss, the Court may "'consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" *Id*. (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)). Accordingly, the Court has not considered facts set forth in Bernstein's briefing that are not alleged in the operative FAC. Bernstein may, if she wishes, include those facts in an amended pleading.

If Bernstein does elect to amend her complaint, she is directed to omit facts that are not relevant to her claims. Bernstein's operative FAC, which is sixty-six pages long, contains many pages of allegations regarding Bernstein's family history, her feelings toward her relatives, her best friend's death, litigation involving non-party Michael Leon, and litigation involving other schools. *See* FAC ¶¶ 26-51, 62-70, 74-75, 84-93. Inclusion of these allegations violates Federal Rule of Civil Procedure 8(a), requiring that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

**1.      Fraud (Claims 1, 5, 6, 10, 11, 12, and 13)**

A claim of fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988).

The FAC asserts a number of claims based upon Defendants' alleged fraud. Claim 1 (fraud), Claim 5 (fraudulent concealment), and Claim 6 (reliance) are based upon the identical allegation

that Defendants "made false statements and misrepresentations to Plaintiff . . . concerning the benefit that degrees from their learning institution impact [sic] would have once [sic] completed bachelors and masters degree." FAC ¶¶ 109, 120, 124. Claim 10 (false promise), Claim 11 (intentional misrepresentation), Claim 12 (negligent misrepresentation), and Claim 13 (opinions as statements of fact) are based upon the identical allegations that Bernstein "was advised" that: "completion of bachelor of science with University of Phoenix would enable her to transition into criminal justice"; "she would have lifetime privilege of Student Resource Center anywhere in the world as a benefit"; "all credits would be 100% transferable to any learning institution"; "degree from University of Phoenix was recognized by all employers"; "degree would be accepted at any learning institution for admission including Stanford University in the event Plaintiff elected to pursue Ph.d."; and "completion of the master of science in justice and security would enhance criminal justice transition and would make her stand out to federal government employer." FAC ¶¶ 133, 135, 137, 138.

These claims do not state the time and place of the allegedly false representations, nor do they identify who made each representation. Moreover, the claims do not distinguish between Apollo and Phoenix; when a fraud claim is asserted against more than one defendant, the plaintiff must identify the role of each defendant in the fraud and may not simply lump all the defendants together. *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).

An additional problem is that many of the asserted misrepresentations are opinions or predictions rather than statements regarding past or present facts. "Generally, actionable misrepresentation must be one of existing fact; predictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud." *Cohen v. S & S Constr. Co.*, 151 Cal. App. 3d 941, 946 (1983) (internal quotation marks and citation omitted).[4] There are exceptions to this rule where: (1) one party holds himself or herself out to be specially qualified and the other party reasonably relies upon the former's superior knowledge; (2) the opinion is by a fiduciary or other trusted person; and (3) a party states his or her opinion as an existing fact or as implying facts that justify a belief in the truth of the opinion. *Id.* If Bernstein

---

[4] The Court looks to state law to determine whether a fraud claim has been pled sufficiently. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).

1 asserts that one of these exceptions applies to the opinions and predictions alleged, e.g., that all
2 credits earned at Phoenix would be 100% transferrable to any other institution, she must allege facts
3 showing the application of the exception.

4     Finally, the fraud claims relating to transfer of credits and ability to obtain employment upon
5 graduation appear to be time-barred. Fraud claims must be brought within three years after the
6 plaintiff discovers the facts giving rise to the fraud. Cal. Civ. P. Code § 338(d). Bernstein received
7 a Bachelor of Science in Criminal Justice Administration from Phoenix in 2006 and "completed
8 online classes for Masters of Justice and Security Administration" in 2008. FAC ¶ 3, ECF No. 49.
9 Presumably, she discovered shortly thereafter that her credits were not transferrable and that she
10 could not obtain a job in her field. However, she did not file the present lawsuit until 2013, well
11 outside the three-year limitations period.

12     Accordingly, Claims 1, 5, 6, 10, 11, 12, and 13 are DISMISSED WITH LEAVE TO
13 AMEND.

14     **2.    Contract (Claims 2 and 4)**

15     In California, "[t]he standard elements of a claim for breach of contract are: (1) the contract,
16 (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to
17 plaintiff therefrom." *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171,
18 1178 (2008). Claim 2 alleges that "Plaintiff entered into an agreement with University of Phoenix
19 Apollo Group undertaking excessive loans to enrich professional career." FAC ¶ 113, ECF No. 49.
20 However, the claim does not allege the terms of the contract or what Bernstein did to perform the
21 contract. *Id.* The claim does allege that Phoenix "had advised students that learning resource
22 centers were amenity and privilege to utilize for the rest of their lives," and that Phoenix was guilty
23 of "recantation retraction of this term and condition of contract." *Id.* To the extent that Bernstein is
24 trying to allege a contract under which she was entitled to use Phoenix's learning resource centers,
25 the existence of such a contract and the manner of Phoenix's alleged breach are not alleged
26 adequately.

27     Under California law, "[e]very contract imposes on each party a duty of good faith and fair
28 dealing in each performance and in its enforcement." *Carson v. Mercury Ins. Co.*, 210 Cal. App.

7

4th 409, 429 (2012) (internal quotation marks and citation omitted).  "Simply stated, the burden imposed is that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Id.* (internal quotation marks and citation omitted).  Claim 4 sets forth this legal standard, stating that, "[t]he contracts entered into between Plaintiff and Defendants, embodied in the Loan Documents, contain an implied covenant of good faith and fair dealing prohibiting Defendants from doing anything that would unfairly interfere with Plaintiffs' [sic] right to receive benefits of the agreement." FAC ¶ 118, ECF No. 49.  It appears, then, that Bernstein's claim for breach of the implied covenant is not based upon the contract for access to Phoenix's learning resource centers referenced in Claim 2, but rather to a different contract embodied in "the Loan Documents."  Claim 4 does not allege the terms of these Loan Documents or how Defendants interfered with Bernstein's right to receive benefit from the Loan Documents.

Claims 2 and 4 are DISMISSED WITH LEAVE TO AMEND.

### 3. Emotional Distress (Claims 8 and 9)

"The tort of intentional infliction of emotional distress is comprised of three elements:  (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998). Claim 8 does not satisfy these elements, as it states merely that "Defendants coaxed Plaintiff into pursuing irrelevant degree." FAC ¶ 128, ECF No. 49. "Coaxing" Bernstein into pursuing a degree is not obviously extreme and outrageous, and it is not clear how Bernstein was injured by Defendants' alleged "coaxing" conduct.

The elements of a claim of negligent infliction of emotional distress are:  (1) the defendant engaged in negligent conduct; (2) the plaintiff suffered serious emotional distress; and (3) the defendants' negligent conduct was a cause of the serious emotional distress. *Butler-Rupp v. Lourdeaux*, 134 Cal. App. 4th 1220, 1226 n.1 (2005). Moreover, "unless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the

emotional distress is proximately caused by that breach of duty." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 985 (1993). "Even then, with rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests." *Id.* Claim 9 repeats the allegation that "Defendants coaxed Plaintiff into pursuing irrelevant degree." FAC ¶ 131, ECF No. 49. The claim does not identify any duty that Defendants owed to Bernstein, nor does it allege that Defendants' conduct threatened physical injury rather than damage to Bernstein's financial interests.

Claims 8 and 9 are DISMISSED WITH LEAVE TO AMEND.

### 4. Higher Education Act (Claim 14)

Claim 14 alleges that Phoenix has violated the Higher Education Act of 1965, 20 U.S.C. § 1101. There is no private right of action under this statute. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (1995).

Claim 14 is DISMISSED WITHOUT LEAVE TO AMEND.

### 5. Invasion of Privacy (Claim 15)

Under California law, four distinct types of conduct may give rise to liability for invasion of privacy: "(1) intrusion into private matters; (2) public disclosure of private facts; (3) publicity placing a person in a false light; and (4) misappropriation of a person's name or likeness." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 24 (1994). In order to state a claim for invasion of privacy based upon one of these types of conduct, a plaintiff must allege: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Ruiz v. Gap, Inc.*, 380 Fed. Appx. 689, 692 (9th Cir. 2010) (citing *Hill*, 7 Cal. 4th at 39-40). "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Id.* (citing Hill, 7 Cal. 4th at 37).

Claim 15 alleges that "[o]n July 23, 2012, Plaintiff's privacy was invaded by Joan Rodrigues peering over Plaintiff's shoulder at confidential case and medical information Plaintiff was copying scolding her that this was not academic related." FAC ¶ 143, ECF No. 49. Presumably, Bernstein asserts that Ms. Rodrigues's conduct constituted intrusion into private matters. However, the claim

does not explain who Ms. Rodrigues is and what her relationship is to Defendants. Nor does it allege facts suggesting that Bernstein had a reasonable expectation of privacy while copying materials at a campus facility, or that Ms. Rodrigues's conduct was sufficiently egregious to rise to the level of a claim for invasion of privacy.

Claim 15 is DISMISSED WITH LEAVE TO AMEND.

### 6. Unjust Enrichment (Claim 3)

Claim 3 is a freestanding claim for unjust enrichment. This Court has concluded that "there is no distinct cause of action for unjust enrichment under California law." *Bruton v. Gerber Prods. Co.*, --- F. Supp. 2d ----, Case No.: 12–CV–02412–LHK, 2013 WL 4833413, at *22 (Sept. 6, 2013).

Claim 3 is DISMISSED WITHOUT LEAVE TO AMEND.

### III. MOTIONS FOR JOINDER

Bernstein has filed two separate motions seeking to join non-parties Hall and Tarleton. ECF Nos. 97, 99. Non-party Tarleton also has filed two separate motions for joinder of herself and Hall. ECF Nos. 96, 101. None of the motions meets the requirements of Federal Rule of Civil Procedure 20(a), governing permissive joinder of parties. "To join together in one action, plaintiffs must meet two specific requirements: (1) the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties must arise in the action." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (citing Fed. R. Civ. P. 20(a)).

While Hall and Tarleton also seek to assert claims for fraud, emotional distress, and invasion of privacy, it is apparent that those claims do not arise from the same transactions or occurrences that give rise to Bernstein's claims. For example, as discussed above, Bernstein's claim for invasion of privacy is based upon a July 2012 incident in which Joan Rodrigues peered Bernstein's shoulder at materials that she was copying at a Phoenix facility. FAC ¶ 143, ECF No. 49. Because the briefs filed by Bernstein and Tarleton on the issue of joinder are lengthy and meandering, the bases for the purported claims of Hall and Tarleton are not clear. *See* ECF Nos. 96-97, 99, 101. It appears that Hall's claim for invasion of privacy is based at least in part on a February 2005 incident in which a Phoenix professor allegedly accosted her in a hotel elevator. *See* ECF No. 97 at 15-16. There is no

1  suggestion that Hall's claim arises out of the July 2012 incident that forms the basis of Bernstein's
2  claim. *See* ECF Nos. 96-97, 99, 101. It does not appear that Tarleton asserts a claim for invasion of
3  privacy. *Id*.

4  As another example, Bernstein's fraud claims arise from the representations of unidentified
5  persons as to the impact that degrees in criminal justice would have on her future. FAC ¶¶ 109, 120,
6  124, 133, 135, 137, 138, ECF No. 49. However, it appears that Tarleton's fraud claims are based at
7  least in part on representations made by Joan Rodrigues that a bachelor of science would be enough
8  to advance to supervisor. ECF No. 96 at 7.

9  The Court need not recite each and every example in which the factual bases for the claims
10 at issue differ between Bernstein, Hall, and Tarleton. Having compared Bernstein's operative FAC
11 with the proposed claims of Hall and Tarleton (as best the Court can understand the latter claims
12 given the disjointed fashion in which they are presented in the briefs), the Court concludes that the
13 proposed claims of the non-parties do not arise out of the same transactions or occurrences as
14 Bernstein's claims. Accordingly, the motions for joinder are DENIED.

## IV. MOTIONS FOR ISSUANCE OF SUBPOENAS

Bernstein has filed two motions, directed to the undersigned, seeking issuance of subpoenas. ECF Nos. 105-06. The proper procedure for obtaining issuance of subpoenas is to make an application to the Clerk of the Court. *See* Fed. R. Civ. P. 45(a)(3). Accordingly, the motions for issuance of subpoenas are DENIED without prejudice to an appropriate application to the Clerk.

## V. MOTIONS TO COMPEL DISCOVERY

Bernstein has filed numerous motions seeking to compel discovery from Defendants and third parties. ECF Nos. 160-65, 169-71, and 173-82. As an initial matter, those motions properly should have been directed to Magistrate Judge Paul Grewal. All future discovery motions shall be directed to Magistrate Judge Grewal. Turning to the merits of the motions, it is clear from both parties' briefs that Bernstein failed to meet and confer with Defendants prior to filing the motions. *See* ECF No. 185 at 1 (Defendants' contention that Bernstein failed to meet and confer before filing motions to compel); ECF No. 189 at 2-4 (Bernstein's description of the lack of communication between herself and Defendants' counsel). Civil Local Rule 37-1 provides expressly that "[t]he

United States District Court
For the Northern District of California

Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." Civ. L.R. 37-1.  Moreover, it does not appear that the parties have participated in a Rule 26(f) conference.  *See* ECF No. 185 at 1 (Defendants' representation that there has not been a Rule 26(f) conference).  Accordingly, Bernstein's motions to compel discovery are DENIED without prejudice to renewal, if appropriate, after the Rule 26(f) conference and the meet and confer required by Civil Local Rule 37-1 and Federal Rule of Civil Procedure 37.

## VI. ORDER

For the foregoing reasons, IT IS ORDERED THAT:

1. The motion to dismiss (ECF No. 55) is GRANTED WITH LEAVE TO AMEND as to Claims 1, 2, 4, 5, 6, 8, 9, 10, 11, 12, 13, and 15 and WITHOUT LEAVE TO AMEND as to Claims 3 and 14.  Any amended complaint shall be filed on or before March 21, 2014.  Failure to meet the March 21, 2014 deadline or failure to cure the deficiencies identified in this order will result in a dismissal with prejudice.  Plaintiff may not add new claims or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15;

2. The motions for joinder (ECF Nos. 96-97, 99, and 101) are DENIED;

3. The motions for issuance of subpoenas (ECF Nos. 105-06) are DENIED; and

4. The motions to compel discovery (ECF Nos. 160-65, 169-71, and 173-82) are DENIED.

Dated:  February 28, 2014

_Lucy H. Koh_
LUCY H. KOH
UNITED STATES DISTRICT JUDGE