Felicia Y. Yu (SBN 193316)
fyu@reedsmith.com
Raymond Y. Kim (SBN 251210)
rkim@reedsmith.com
Jack J. Gindi (SBN 293739)
jgindi@reedsmith.com
REED SMITH LLP
355 S. Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone:     213.457.8000
Facsimile:     213.457.8080

Attorneys for Defendants
Apollo Education Group, Inc. and
University of Phoenix, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M. HELEN BERNSTEIN,<br><br>Plaintiff,<br><br>vs.<br><br>APOLLO GROUP, INC. and THE UNIVERSITY OF PHOENIX, INC., JOHN DOE 1-50; MARY ROE 1-50, XYZ CORP, 1-50, and ABC LLC, 1-50, The names of the "John Doe 1-50" "Mary Roe 1-50", "XYZ Corp, 1-50", and "ABC LLC, 1-50", defendants being fictitious, and unknown to the Plaintiff,<br><br>Defendants. | Case No.:  5:13-cv-01701-LHK (PSG)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Declaration of Raymond Y. Kim; Opposition to Plaintiffs' Motion to Compel Discovery.] |
| KRISLEE CARDINAL HALL,<br><br>Plaintiff,<br><br>vs.<br><br>APOLLO GROUP, INC. and THE UNIVERSITY OF PHOENIX, INC., JOHN DOE 1-50; MARY ROE 1-50, XYZ CORP, 1-50, and ABC LLC, 1-50, The names of the "John Doe 1-50" "Mary Roe 1-50", "XYZ Corp, 1-50", and "ABC LLC, 1-50", defendants being fictitious, and unknown to the Plaintiff,<br><br>Defendants. | Case No.:  5:14-cv-01404-LHK (PSG)<br><br>Date:          August 5, 2014<br>Time:          10:00 a.m.<br>Courtroom:     5 – 4th Floor<br>               280 South First Street<br>               San Jose, CA 95113<br><br>Complaint Filed: April 16, 2012<br>FAC Filed:       July 17, 2013<br>SAC Filed:       March 19, 2014<br><br>Honorable Paul S. Grewal |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-118188275.4-JJGINDI

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Tuesday, August 5, 2014, at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 5 on the fourth floor of the above-entitled court, located at 280 S. First Street, San Jose, California 95113, defendants Apollo Education Group, Inc. ("Apollo") and University of Phoenix, Inc. (the "University") (collectively "Defendants") shall and hereby do move this Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for a protective order staying all discovery in the following related actions until two weeks after the Court rules on Defendants' pending Motion to Dismiss Second Amended Complaint in the Bernstein lawsuit and Motion to Dismiss Complaint in the Hall lawsuit, which are both scheduled to be heard on September 4, 2014:

- *M. Helen Bernstein v. Apollo Group, Inc. and University of Phoenix, Inc., et al.* (N.D. Cal. Case No. 5:13-cv-01701-LHK) (the "Bernstein lawsuit").
- *Krislee Cardinal Hall v. Apollo Group, Inc. and University of Phoenix, Inc., et al.* (N.D. Cal. Case No. 5:14-cv-01404-HRL) (the "Hall lawsuit").

This Motion is based on this Notice of Motion and Motion for a Protective Order, the Memorandum of Points and Authorities in support thereof, all pleadings and papers on file in this action, and on such other matters as may be presented to the Court at the time of the hearing.

DATED: June 30, 2014

REED SMITH LLP

By: ___/s/ *Raymond Y. Kim*_____
    Raymond Y. Kim
    Attorneys for Defendants
    Apollo Education Group, Inc., and
    University of Phoenix, Inc.

# <u>TABLE OF CONTENTS</u>

**Page**

I.  INTRODUCTION ...................................................................................................1

II.  PROCEDURAL BACKGROUND.......................................................................2

III.  LEGAL STANDARD.............................................................................................3

IV.  ARGUMENT ...........................................................................................................4

    A.  A Stay of Discovery Pending Resolution of Defendants' Motions to Dismiss is Appropriate Because Defendants' Well-Founded Motions Will Likely Dispose of Both Lawsuits and Discovery is Unnecessary for Resolution of the Motions to Dismiss...........................................................4

    B.  A Temporary Stay of Discovery Will Benefit the Court and the Parties and Will not Prejudice Plaintiffs............................................................................9

V.  CONCLUSION......................................................................................................12

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANTS' MOTION FOR PROTECTIVE ORDER

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Aguinaldo v. Ocwen Loan Servicing, LLC*,
  2012 WL 3835080 (N.D. Cal. 2012) ................................................................. 6

*Bernstein v. Apollo Group, Inc.*,
  2014 WL 854834 (N.D. Cal.  Feb. 28, 2014) ............................................... 1, 3

*Bionghi v. Metropolitan Water Dist. of So. California*,
  70 Cal. App. 4th 1358 (1999) ........................................................................ 7

*Brakke v. Economic Concepts, Inc.*,
  --- Cal. Rptr. 3d ---, 2013 WL 441606 (Cal. App. Jan. 15, 2013) ................. 7

*Butler-Rupp v. Lourdeaux*,
  134 Cal. App. 4th 1220 (2005) ...................................................................... 8

*Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*,
  201 F.R.D. 1 (D.D.C. 2001) .......................................................................... 4

*Christensen v. Super. Ct.*,
  54 Cal. 3d 868 (1991) .................................................................................... 8

*Clemens v. DaimlerChrysler Corp.*,
  534 F. 3d 1017 (9th Cir. 2008) ..................................................................... 6

*County of Santa Clara v. Atlantic Richfield Co.*,
  137 Cal. App. 4th 292 (2006) ....................................................................... 6

*Epstein v. Wash. Energy Co.*,
  83 F.3d 1136 (9th Cir. 1996) ........................................................................ 9

*Estate of Bock v. Cnty. of Sutter*,
  2012 WL 94618 (E.D. Cal. Jan. 9, 2012) ..................................................... 5

*Foley v. Interactive Data Corp.*,
  47 Cal.3d 654 (1988) ..................................................................................... 7

*Freeman & Mills, Inc. v. Belcher Oil Co.*,
  11 Cal. 4th 85 (1995) .................................................................................... 7

*Gauntlett v. Illinois Union Ins. Co.*,
  2011 WL 5191808 (N.D. Cal. 2011) ............................................................. 8

*Gibbs v. Carson*,
  2014 WL 172187 (N.D. Cal. Jan. 15, 2014) ........................................... 1, 3, 4

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
  192 F.R.D. 284 (S.D. Cal. 2000) ............................................................. 4, 9

*Hamilton v. Rhoads*,
  C 11-0227 RMW PR, 2011 WL 5085504 (N.D. Cal. Oct. 25, 2011) ............ 4

*Herskowitz v. Apple Inc.*,
  940 F.Supp.2d 1131 (N.D. Cal. 2013) .......................................................... 6

*Jarvis v. Regan*,
  833 F.2d 149 (9th Cir. 1987) .................................................................. 3, 5, 9

*Johnson v. Ralphs Grocery Co.*,
  204 Cal. App. 4th 1097 (2012) ..................................................................... 8

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' MOTION FOR PROTECTIVE ORDER

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

*Justo v. Indymac Bancorp,*
2010 WL 623715 (C.D. Cal. 2010) .................................................................... 6, 7

*Krislee Cardinal Hall v. Apollo Group, Inc. and University of Phoenix, Inc., et al.*
(N.D. Cal. Case No. 5:14-cv-01404-LHK) ............................................................. 3

*Lincoln General Ins. Co. v. Access Claims Adm'rs, Inc.,*
2007 WL 2492436 (E.D. Cal. 2007) ....................................................................... 6

*Ott v. Alfa-Laval Agri, Inc.,*
31 Cal. App. 4th 1439 (1995) ................................................................................. 6

*Potter v. Firestone Tire & Rubber Co.,*
6 Cal.4th 965 (1993) .............................................................................................. 8

*Rice v. Charles Schwab,*
2010 WL 5156654 (C.D. Cal. 2010) ....................................................................... 7

*Robinson v. Bank of America,*
2012 WL 1932842 (N.D. Cal. May 29, 2012) ........................................................ 6

*Rossberg v. Bank of America, N.A.,*
219 Cal. App. 4th 1481 (2013) ............................................................................... 5

*Rutman Wine Co. v. E. & J. Gallo Winery,*
829 F.2d 729 (9th Cir. 1987) ................................................................................. 3

*Shulman v. Group W Productions, Inc.,*
18 Cal.4th 200 (1998) ............................................................................................ 8

*Smith v. Capital One Financial Corp.,*
2012 WL 1669347 (N.D. Cal. 2012) ....................................................................... 6

*Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.,*
206 F.R.D. 367 (S.D.N.Y. 2002) ....................................................................... 4, 12

*Tuttle v. Chase Ins. Life and Annuity Co.,*
2007 WL 2790359 (N.D. Cal. 2007) ....................................................................... 8

*United States v. Cnty. of Nassau,*
188 F.R.D. 187 (E.D.N.Y. 1999) ........................................................................... 11

**Statutes**

Cal. Civ. Code § 1624(a)(1) ........................................................................................ 5

Civ. Proc. Code § 338(d) ............................................................................................. 6

**Rules**

Fed. R. Civ. P. 26(c) ................................................................................................... 3

Fed. R. Civ. P. 26(c)(1)(B)-(C) ................................................................................... 3

DEFENDANTS' MOTION FOR PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants Apollo Education Group, Inc. ("Apollo Group") and the University of Phoenix, Inc. (the "University") (collectively "Defendants") hereby move the Court for a protective order staying all discovery in the above entitled matters until two weeks after the Court issues a ruling on Defendants' pending Motions to Dismiss plaintiff M. Helen Bernstein's ("Bernstein") Second Amended Complaint and plaintiff Krislee Cardinal Hall's ("Hall") Complaint [1] ("Motions to Dismiss"), which are both scheduled to be heard on September 4, 2014.  Courts in the Northern District of California have adopted "a two-pronged test to determine whether a protective order should issue [while a motion is pending], staying discovery.  First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed.  Second, the court must determine whether the pending dispositive motion can be decided absent discovery."[2] Here, both prongs are satisfied.

First, Defendants' pending Motions to Dismiss seeks a dismissal of all twelve counts in Bernstein's Second Amended Complaint ("SAC") and all twelve counts in Hall's Complaint.  In fact, the Court has already granted Defendants' previous motion to dismiss Bernstein's first amended complaint in its entirety and noted in its order that it "has grave reservations whether Bernstein can cure the pleading defects noted herein even if afforded an opportunity to do so.  Bernstein has amended her pleading once with leave of the Court, and still has not set forth a single viable claim."[3] Halls' Complaint is nearly identical to Berstein's SAC.  Therefore, there is a likelihood the Court will dismiss both lawsuits in their entirety with prejudice on September 4.  Second, because the Motions to Dismiss takes Plaintiffs' factual allegations as true and asserts purely legal challenges to Plaintiffs' claims, the Motions may be decided absent discovery.  Moreover, a stay of discovery will not

---

[1] On April 28 the Court granted Defendants' Administrative Motion to Relate the Bernstein lawsuit and the Hall lawsuit and deemed the matters related.  Docket No. 215.

[2] *Gibbs v. Carson*, 2014 WL 172187, at *3 (N.D. Cal. Jan. 15, 2014).

[3] Docket No. 201, at 5:2-3; *Bernstein v. Apollo Group, Inc.*, 2014 WL 854834, at *2 (N.D. Cal.  Feb. 28, 2014).

DEFENDANTS' MOTION FOR PROTECTIVE ORDER

prejudice Plaintiffs because the Court has not held an initial scheduling conference, has not set a trial date, has not issued a Case Management Order, and has not issued a discovery schedule.  The first Case Management Conference is scheduled for September 4, 2014.

Because the pending Motions to Dismiss are well-founded and will likely to dispose of these matters in their entirety with prejudice, or at the very least significantly narrow the scope of these actions, any discovery at this time is unreasonable and an inefficient use of the parties' and the Court's time and resources.  Accordingly, Defendants respectfully request that the Court find good cause and issue a protective order staying all discovery until two weeks after the Court rules on the Motions to Dismiss.

## II.      PROCEDURAL BACKGROUND

On April 16, 2013, Bernstein commenced an action by filing a complaint against Defendants alleging breach of contract, fraud, unjust enrichment, and breach of the implied covenant of good faith and fair dealing.  Docket No. 1.  The crux of her original complaint was that her University degrees did not translate into certain unspecified "benefits" which she had expected to receive.  On June 5 Defendants filed a Motion to Dismiss the Complaint.  Docket No. 13.  After Bernstein filed her Opposition, on June 19 Defendants filed their Reply brief.

On June 27, Bernstein filed a Motion for Leave to File First Amended Complaint.  Docket No. 45.  In an effort to conserve judicial resources, Defendants did not oppose Bernstein's Motion for Leave, and filed a Statement of Non-Opposition on July 11.  Docket No. 46.  On July 17, the Court granted Bernstein's Motion for Leave to File First Amended Complaint.  Docket No. 47.  That same day, Bernstein's First Amended Complaint was deemed filed.  Docket No 49.

On August 7, Defendants filed a Motion to Dismiss the FAC.  Docket No. 55.  On February 28, 2014, the Court granted Defendants' Motion to Dismiss.  Docket No. 201.  Specifically, the Court dismissed Bernstein's claims for violation of the Higher Education Act and unjust enrichment without leave to amend, and the claims for fraud, breach of contract, invasion of privacy, and emotional distress with leave to amend.  Id.  The Court noted in its order that it "has grave reservations whether Bernstein can cure the pleading defects noted herein even if afforded an opportunity to do so. Bernstein has amended her pleading once with leave of the Court, and still has not set forth a single

DEFENDANTS' MOTION FOR PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   viable claim." Docket No. 201, at 5:2-3; *Bernstein v. Apollo Group, Inc*., 2014 WL 854834, at *2

2   (N.D. Cal.  Feb. 28, 2014).  On March 19, Bernstein filed a Second Amended Complaint.  Docket No.

3   203.  On April 7, Defendants filed their Motion to Dismiss the SAC.  Docket No. 205.  On its own

4   order, the Court scheduled the hearing on the Motion to Dismiss for September 4, 2014.  Docket No.

5   206.  A week later, Bernstein's friend, Krislee Cardinal Hall, filed a nearly identical pleading against

6   both Apollo and the University.  *Krislee Cardinal Hall v. Apollo Group, Inc. and University of*

7   *Phoenix, Inc., et al*. (N.D. Cal. Case No. 5:14-cv-01404-LHK) (the "Hall lawsuit").  Defendants also

8   filed a Motion to Dismiss the Hall lawsuit.  On April 28 the Court granted Defendants' Administrative

9   Motion to Relate the Bernstein lawsuit and the Hall lawsuit and deemed the matters related.  Docket

10  No. 215.  Pursuant to the Court's order Defendants' Motions to Dismiss Bernstein's SAC and Hall's

11  Complaint are both scheduled to be heard on September 4.  The Court also scheduled an Initial Case

12  Management Conference for September 4.  Docket No. 206.

13  **III.   LEGAL STANDARD**

14          Under Federal Rule of Civil Procedure 26(c), a court has "broad discretion" to limit or stay

15  discovery for "good cause … to protect a party or person from annoyance, embarrassment, oppression,

16  or undue burden or expense."  Fed. R. Civ. P. 26(c); *Gibbs v. Carson*, 2014 WL 172187, at *3 (N.D.

17  Cal. Jan. 15, 2014) ("A district court has broad discretion to stay discovery pending the disposition of

18  a dispositive motion.") (citations omitted).  The court may "forbid[] the disclosure or discovery" or

19  "specify[] terms, including time and place, for the disclosure or discovery[.]"  Fed. R. Civ. Proc.

20  26(c)(1)(B)-(C).  The Ninth Circuit has recognized that "if the allegations of the complaint fail to

21  establish the requisite elements of the cause of action … requiring costly and time consuming

22  discovery and trial work would represent an abdication of … judicial responsibility."  *Rutman Wine*

23  *Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  As such, courts in the Ninth Circuit

24  have routinely granted motions to stay discovery where motions to dismiss are pending and the

25  possibility exists that discovery will be rendered moot.  *See, e.g. Jarvis v. Regan*, 833 F.2d 149, 155

26  (9th Cir. 1987) (affirming district court's decision to "stay[] discovery pending a hearing on the

27  motion to dismiss"); *Gibbs*, 2014 WL 172187 at *3 (staying discovery pending resolution of the

28  defendants' motion to dismiss); *Hamilton v. Rhoads*, C 11-0227 RMW PR, 2011 WL 5085504 at *1

- 3 -

(N.D. Cal. Oct. 25, 2011) (same); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.")

Courts in this District have adopted "a two-pronged test to determine whether a protective order should issue, staying discovery. *First*, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Second*, the court must determine whether the pending dispositive motion can be decided absent discovery." *Gibbs*, 2014 WL 172187 at *3 (internal citations omitted). Because both of these prongs are satisfied here, the Court should stay all discovery pending resolution of the Motion to Dismiss.

In addition, a court may also stay discovery if "the [c]ourt is convinced that the plaintiff will be unable to state a claim for relief." *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000). In making such a determination, the court should "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an *immediate and clear possibility* that it will be granted." *Id.* (emphasis in original); *see also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (staying discovery pending resolution of the defendants' motion to dismiss because "defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit"). A stay of all discovery is warranted on this basis as well.

IV.   **ARGUMENT**

A.   **A Stay of Discovery Pending Resolution of Defendants' Motions to Dismiss is Appropriate Because Defendants' Well-Founded Motions Will Likely Dispose of Both Lawsuits and Discovery is Unnecessary for Resolution of the Motions to Dismiss**

Here, Defendants satisfy both prongs of the test adopted by the Northern District of California to determine whether a protective order should issue, staying discovery. *First*, Defendants' Motions to Dismiss are dispositive of the entirety of both the Bernstein and Hall lawsuits. Defendants' Motions to Dismiss seek dismissal of all twelve Counts of Bernstein's SAC and Hall's Complaint. <u>Docket No.</u>

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

205.  The Motions have been fully briefed and are scheduled for hearing on September 4.

Nevertheless, although the parties have not held a FRCP 26(f) conference, Plaintiffs have served four

sets of broad-ranging requests for production, a set of requests for admission, and a set of

interrogatories, the vast majority of which seek information that is wholly irrelevant to the allegations

in her suit.  Declaration of Raymond Y. Kim ("Kim Decl."), at ¶¶ 4-5, 7.  Considering the procedural

posture of these cases, Defendants have already been forced to expend significant resources to respond

to Plaintiffs' unfounded allegations and should not be required to incur the unnecessary time and

expense in responding to six sets of objectionable written discovery requests at this stage of the

proceedings.  Moreover, the Court is likely to grant Defendants' Motions to Dismiss in their entirety.

As noted in its Order granting Defendants' Motion to Dismiss Bernstein's FAC, the Court has "grave

reservations whether Bernstein can cure the pleadings defects noted herein even if afforded an

opportunity to do so." Docket No. 201, at 5:2-3.  *See Estate of Bock v. Cnty. of Sutter*, 2012 WL 94618

(E.D. Cal. Jan. 9, 2012) ("The court may, for example, stay discovery when it is convinced that

plaintiff will be unable to state a claim for relief or if the action is moot").  Hall's Complaint is nearly

identical to Bernstein's FAC.  Because resolution of the Motions to Dismiss in Defendants' favor will

render the discovery moot, a stay is warranted.

     ***Second***, because the Motions to Dismiss raise legal, not factual, issues, discovery is not

necessary for the Court to determine whether Defendants' Motions should be granted.  *See Jarvis*, 833

F.2d 149, 155 ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b)

motion").  Here, as set forth in Defendants' Motion to Dismiss, Plaintiffs' claims are defective as a

matter of law.

     Specifically, Plaintiffs' *second cause of action* for breach of oral contract fails as a matter of

law because the alleged oral agreement could not be performed within one year, and thus is

unenforceable under the statute of frauds.  Cal. Civ. Code § 1624(a)(1); *Rossberg v. Bank of America,*

*N.A.*, 219 Cal. App. 4th 1481, 1503 (2013) (affirming dismissal of breach of contract claim on

demurrer:  "The statute of frauds requires a signed writing and therefore the [plaintiffs] must allege

facts establishing the existence of a signed writing to state this cause of action.").  Also lacking are any

allegations that the parties formed any oral agreement, that Defendants breached any alleged promise,

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

or that Plaintiffs suffered actual damages as the result of any breach. *Smith v. Capital One Financial Corp.*, 2012 WL 1669347, at *5 (N.D. Cal. 2012) (granting motion to dismiss breach of contract claim with prejudice: "plaintiff has not pled any facts showing the existence of a specific contract . . . In addition, plaintiff has not alleged facts showing the terms of any specific contract, or that she performed her duties under said specific contract … she has not alleged any facts … showing which specific term or terms of the contract that defendant breached.") (citations omitted); *Herskowitz v. Apple Inc.*, 940 F.Supp.2d 1131, 1142 (N.D. Cal. 2013) (granting motion to dismiss breach of contract claim where complaint was unclear about basis of alleged breach) (citations omitted).

Each of Plaintiffs' *fraud-based claims* should be dismissed because they are time barred by the three year statute of limitations.[4] Civ. Proc. Code § 338(d); *Clemens v. DaimlerChrysler Corp.*, 534 F. 3d 1017, 1024 (9th Cir. 2008); *Robinson v. Bank of America*, 2012 WL 1932842, at *5-6 (N.D. Cal. May 29, 2012) (granting motion to dismiss time-barred fraud claim). Also, Plaintiffs' fraud based claims are predicated on the same allegations supporting their breach of contract claims, and are thus barred by the economic loss rule. *See, e.g. County of Santa Clara v. Atlantic Richfield Co.*, 137 Cal. App. 4th 292, 326-29 (2006); *Ott v. Alfa-Laval Agri, Inc.*, 31 Cal. App. 4th 1439, 1456 (1995); *Justo v. Indymac Bancorp*, 2010 WL 623715, at *8 (C.D. Cal. 2010) ("The duties that Plaintiffs identify arise from the alleged oral contract discussed above. Therefore, they state a cause of action for breach of contract, not for negligence."); *Lincoln General Ins. Co. v. Access Claims Adm'rs, Inc.*, 2007 WL 2492436, at *8 (E.D. Cal. 2007) ("Under California law . . . the economic loss rule prevent[s] the law of contract and the law of tort from one dissolving into the other. . . . If a plaintiff cannot 'demonstrate harm above and beyond a broken contractual promise,' the economic loss rule bars the [tort] claim.") (citation omitted). Moreover, Defendants' alleged statements were not representations of any existing fact; they were merely general non-factual statements relating to future events which were entirely contingent upon Plaintiffs' future actions. As a result, they cannot form the basis of a fraud claim. *Aguinaldo v. Ocwen Loan Servicing, LLC*, 2012 WL 3835080, at *5 (N.D. Cal. 2012) (granting

---

[4] Plaintiffs' first cause of action for "fraud," fifth cause of action for "concealment," sixth cause of action for "reliance," ninth cause of action for "false promise," tenth cause of action for "intentional misrepresentation," and twelfth cause of action for "opinions as statements of fact" are based on the same allegations.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   motion to dismiss fraud claim: "[Plaintiffs] have merely alleged that [the defendant] made promises

2   regarding future events rather than made representations of past or existing facts.") (citing California

3   cases); *Rice v. Charles Schwab*, 2010 WL 5156654, at *2-3 (C.D. Cal. 2010) ("In general, a

4   misrepresentation must be one of 'existing fact,' not an opinion or a prediction or promise as to future

5   events or benefits, in order to be actionable fraud. . . Defendants' credit ratings are opinions or

6   predictions of the future creditworthiness or value of companies, and therefore are not actionable[.]")

7   (citation omitted); *Brakke v. Economic Concepts, Inc.*, --- Cal. Rptr. 3d ---, 2013 WL 441606, at *4

8   (Cal. App. Jan. 15, 2013) ("[T]o be actionable, a misrepresentation must be of an existing fact, not an

9   opinion or prediction of future events.").

10       Plaintiffs' *third cause of action* for breach of the implied covenant of good faith and fair

11   dealing ("bad faith") fails because there was no enforceable underlying oral contract. *Justo v. Indymac*

12   *Bancorp.*, 2010 WL 623715, at *7 (C.D. Cal. 2010) (holding that where "the alleged oral contract is

13   unenforceable under the statute of frauds, [the] breach of implied covenant of good faith claims fails

14   with respect to that contract.") (*citing Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 684, (1988)).

15   Also, Plaintiffs do not allege a fiduciary relationship between themselves and Defendants, and the bad

16   faith claim is merely a reiteration of her breach of oral contract claim. *See, e.g., Bionghi v.*

17   *Metropolitan Water Dist. of So. California*, 70 Cal. App. 4th 1358, 1370 (1999) (a claim for "tort

18   damages for breach of the covenant is available only in limited circumstances, generally involving a

19   special relationship between the contracting parties, such as the relationship between an insured and its

20   insurer. . . if the plaintiff's allegations of breach of the covenant of good faith 'do not go beyond the

21   statement of a mere contract breach and, relying on the same alleged acts, simply seek the same

22   damages or other relief already claimed in a companion contract cause of action, they may be

23   disregarded as superfluous as no additional claim is actually stated."); *Freeman & Mills, Inc. v.*

24   *Belcher Oil Co.,* 11 Cal. 4th 85, 102 (1995) (establishing "a general rule precluding tort recovery for

25   noninsurance contract breach, at least in the absence of violation of 'an independent duty arising from

26   principles of tort law'''); *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d

27   1371, 1400-1401 (1990) ("Therefore, since it is patently clear that no 'special relationship' exists

28   sufficient to support a tort recovery for an alleged breach of the implied covenant of good faith,

DEFENDANTS' MOTION FOR PROTECTIVE ORDER

1    plaintiffs can state no basis for recovery in tort.").

2         Plaintiffs' *sixth cause of action* for intentional infliction of emotional distress also fails because

3    the SAC is devoid of any factual allegations to even remotely suggest that Defendants engaged in

4    outrageous conduct that exceeded all bounds usually tolerated in a civilized community.  *Tuttle v.*

5    *Chase Ins. Life and Annuity Co.*, 2007 WL 2790359, at *2 (N.D. Cal. 2007) (granting motion to

6    dismiss IIED claim); *Johnson v. Ralphs Grocery Co.*, 204 Cal. App. 4th 1097, 1108 (2012) (affirming

7    dismissal of IIED claim on demurrer).

8         Plaintiffs' *seventh cause of action* for negligent infliction of emotional distress likewise fails

9    because:  (1) there can be no recovery of damages for emotional distress unaccompanied by threat of

10   physical injury where the emotional distress arises from negligent conduct; (2) it is barred by the

11   economic loss rule; and (3) Plaintiffs fail to identify the existence of any duty owed to them by

12   Defendants.  *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 985 (1993) ("[W]ith rare

13   exceptions, a breach of the duty must threaten physical injury, not simply damage to property or

14   financial interests."); *Butler-Rupp v. Lourdeaux*, 134 Cal. App. 4th 1220, 1227 (2005) ("[The] plaintiff

15   may not recover damages for emotional distress in an action for negligent misrepresentation where the

16   'plaintiff's direct loss resulting from the negligent conduct of the defendant was [only] economic.'");

17   *Christensen v. Super. Ct.*,54 Cal. 3d 868, 890 (1991) (damages for NIED may be recovered only

18   "when they result from the breach of a duty owed the plaintiff that is assumed by the defendant or

19   imposed on the defendant as a matter of law, or that arises out of a special relationship between the

20   two.").

21        Finally, Plaintiffs' *twelfth cause of action* for invasion of privacy should be dismissed because

22   Plaintiffs' allegations indisputably establish that Defendants did not intrude into Plaintiffs' private

23   place, conversation, or matter through use of electronic or covert means, and Defendants' alleged

24   conduct was not a "highly offensive" intrusion as a matter of law.  *Shulman v. Group W Productions,*

25   *Inc.*, 18 Cal.4th 200, 231(1998) (finding no actionable intrusion when the plaintiff has merely been

26   observed, photographed or recorded in a public place); *Gauntlett v. Illinois Union Ins. Co.*, 2011 WL

27   5191808, at *9 (N.D. Cal. 2011).

28        Defendants' brought their Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6),

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 8 -

under which "all allegations of material fact are taken as true and construed in the light most favorable to plaintiff." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Because the Motions to Dismiss takes Plaintiffs' allegations of fact as true and assert purely legal challenges to Plaintiffs' claims, the Motions may be decided absent discovery. *See Jarvis*, 833 F.2d 149, 155 (affirming district court's decision to stay discovery pending resolution of motion to dismiss because the district court "accepted the facts alleged by the appellants as true").

*Moreover*, a stay is also warranted because there is an "immediate and clear possibility" that Defendants' Motions to Dismiss will be granted. *GTE Wireless, Inc.*, 192 F.R.D. at 286. Bernstein's SAC represents her third attempt to plead her case against Defendants. Bernstein commenced this action in April 2013, when she filed her complaint against Defendants alleging nearly all of same the causes of action alleged in her SAC.[5] Docket No. 1. On July 17, the Court granted Bernstein leave to file a FAC. Docket No. 47. On August 7, 2013, Defendants filed a Motion to Dismiss the FAC, which the Court granted, noting that it "has grave reservations whether Bernstein can cure the pleadings defects noted herein even if afforded an opportunity to do so." Docket No. 201, at 5:2-3. Bernstein subsequently filed a SAC and filed a nearly identical Complaint for Hall. A "preliminary peek" at Bernstein's SAC, Hall's Complaint, and Defendants' corresponding Motions to Dismiss confirms the Court's reservations that Plaintiffs' pleadings cannot be cured. Accordingly, a stay of all discovery is warranted on this basis as well.

### B. A Temporary Stay of Discovery Will Benefit the Court and the Parties and Will not Prejudice Plaintiffs

Plaintiffs' six sets of written discovery requests are grossly overbroad and seek irrelevant information. For example, Plaintiffs' discovery requests include:

- **Interrogatory No. 8:** State whether recent television testimonial advertisements for University of Phoenix are actual graduates or hired actors.

- **Interrogatory No. 9:** Identify all employees Fremont Learning Campus and their credentials 2004-closure Fremont Learning Campus.

---

[5] The Court granted Defendants' Motion to Dismiss the Higher Education Act and unjust enrichment claims in the First Amended Complaint with prejudice. Docket No. 201.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

- **Request for Production No. 1:** Class attendance rosters for the following Fremont Campus Classes for relevant parameter of time:
  - CJA/300 ORGANIZED CRIME 10/12/2004 11/09/2004
  - CJA/310 CONTEMPORARY ISSUES IN CRIMINAL JUSTICE 11/16/2004 12/14/2004
  - CJA/320 INTRODUCTION TO CRIMINAL JUSTICE 12/28/2004 01/25/2005
  - CJA/330 CRIMINOLOGY 02/01/2005 03/01/2005 CJA/340 CRIMINAL LAW 03/08/2005 04/05/2005
  - CJA/350 CRIMINAL PROCEDURE 04/12/2005 05/10/2005
  - CJA/360 INTERPERSONAL COMMUNICATION 05/17/2005 06/14/2005
  - CJA/370 INTRODUCTION TO POLICING 06/21/2005 07/19/2005 CJA/380 CRIMINAL COURT SYSTEMS 07/26/2005 08/23/2005 CJA/390 INTRODUCTION TO CORRECTIONS 08/30/2005 09/27/2005 CJA/400 JUVENILE JUSTICE 10/04/2005 11/01/2005
  - CJA/410 ETHICS IN CRIMINAL JUSTICE 11/08/2005 12/06/2005
  - CJA/420 CULTURAL DIVERSITY IN CRIMINAL JUSTICE 12/13/2005 01/17/2006
  - CJA/430 RESEARCH METHODS IN CRIMINAL JUSTICE 01/24/2006 02/21/2006
  - CJA/440 ORGANIZATIONAL BEHAVIOR AND MANAGEMENT 02/28/2006 03/28/2006
  - CJA/450 CRIMINAL JUSTICE ADMINISTRATION 04/04/2006 05/02/2006
  - CJA/460 CRIMINAL JUSTICE POLICY ANALYSIS 05/09/2006 06/06/2006
  - CJA/470 MANAGING CRIMINAL JUSTICE PERSONNEL 06/13/2006 07/18/2006
  - CJA/480 FUTURES OF CRIMINAL JUSTICE 07/25/2006 08/22/2006
  - GEN/480 INTERDISCIPLINARY CAPSTONE COURSE 08/29/2006 09/26/2006
  - CJA/300 ORGANIZED CRIME 12/15/2005 01/19/2006
  - CJA/310 CONTEMPORARY ISSUES IN CRIMINAL JUSTICE 01/26/2006 02/23/2006
  - CJA/320 INTRODUCTION TO CRIMINAL JUSTICE 03/02/2006 03/30/2006
  - CJA/360 INTERPERSONAL COMMUNICATION 04/06/2006 05/04/2006
  - CJA/330 CRIMINOLOGY 05/11/2006 06/08/2006
  - CJA/340 CRIMINAL LAW 06/15/2006 07/13/2006
  - CJA/350 CRIMINAL PROCEDURE 07/20/2006 08/17/2006 CJA/370 INTRODUCTION TO POLICING 08/24/2006 09/21/2006 CJA/380 CRIMINAL COURT SYSTEMS 09/28/2006 10/26/2006 CJA/390 INTRODUCTION TO CORRECTIONS 11/02/2006 12/07/2006 CJA/400 JUVENILE JUSTICE 12/14/2006 01/18/2007
  - CJA/410 ETHICS IN CRIMINAL JUSTICE 01/25/2007 02/22/2007
  - CJA/420 CULTURAL DIVERSITY IN CRIMINAL JUSTICE 03/01/2007 03/29/2007
  - CJA/430 RESEARCH METHODS IN CRIMINAL JUSTICE 04/05/2007 05/03/2007
  - CJA/440 ORGANIZATIONAL BEHAVIOR AND MANAGEMENT 05/10/2007 06/07/2007
  - CJA/450 CRIMINAL JUSTICE ADMINISTRATION 06/14/2007 07/12/2007
  - CJA/460 CRIMINAL JUSTICE POLICY ANALYSIS 07/19/2007 08/16/2007
  - CJA/470 MANAGING CRIMINAL JUSTICE PERSONNEL 08/23/2007 09/20/2007
  - CJA/480 FUTURES OF CRIMINAL JUSTICE 09/27/2007 10/25/2007

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' MOTION FOR PROTECTIVE ORDER

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1

- ▪ GEN/480 INTERDISCIPLINARY CAPSTONE COURSE 11/01/2007
  12/06/2007

2

- **Request for Production Nos. 2-3, 8-9:**  Resume credentials for [various employees].

3

- **Request for Production No. 4:**  Full list of instructors and credentials as directed by
  the Higher Learning Commission Criteria Handbook effective 2013.

4

5

- **Request for Production No. 10**:  Documentation in response to Higher Learning
  Commission Comprehensive Evaluation 2002.

6

- **Request for Production No. 11**:  Documentation in response to Higher Learning
  Commission Focus Evaluations 2002-2012.

7

8

- **Request for Production No. 15:**  Post 9/11 GI Bill and any other military personnel
  policy, disability policy benefits applied toward tuition for the years 2002-2013.

9

10

- **Request for Production No. 16:**  Listing of Information Security contractors for the
  years 2002-2013 University of Phoenix and Western International University of Apollo
  Group participate in the federal student loan program under Title IV of the HEA. As
  such, the Apollo Group is required to contract with those suppliers who meet the
  requirements of The Higher Education Act (HEA) of 1965 as authorized by Title IV of
  the HEA. http://www.apollo.edu/about/supplier-opportunities/new-supplier.

11

12

13

- **Request for Production No. 17:**  All Phoenix Patriot, Phoenix Focus without
  limitation and any and all other magazines generated by University of Phoenix, Apollo
  Group concerning alumni status and current students for the years 2002-2013

14

15 Kim Decl. ¶ 7.  Resolution of these discovery issues will require the parties, as well as this Court, to

16 expend substantial time and resources, which will prove to be unnecessary if the Court resolves the

17 Motions to Dismiss in Defendants' favor.  In fact, Bernstein has already filed a second Motion to

18 Compel discovery thereby burdening the Court and the parties with unnecessary motion practice.

19 Furthermore, responding to the discovery requests will be extremely expensive and require

20 Defendants' employees to spend significant time searching for the requested information and assisting

21 outside counsel with discovery responses, all of which will likely turn out to be unnecessary if the

22 Motions to Dismiss are granted.  As mentioned above, the probable futility of Plaintiffs' discovery is

23 evident as the Court has already suggested that Bernstein will not "cure the pleadings defects" present

24 in her FAC.  Docket No. 201, at 5:2-3.  Accordingly, any discovery prior to a ruling on Defendants'

25 Motions to Dismiss is unreasonable and has already created an undue burden for the Court and

26 Defendants.  *United States v. Cnty. of Nassau*, 188 F.R.D. 187, 189 (E.D.N.Y. 1999) (staying

27 discovery pending resolution of the defendant's motion to dismiss because "the cost of discovery,

28 coupled with the diversion of employees' time and attention from municipal business to focus on the

- 11 -

1   retrieval of discovery and to otherwise assist in the pursuit of this litigation, would be an unnecessary

2   expense in the event that Nassau County's motion to dismiss is ultimately granted").

3          Moreover, a stay of discovery will not prejudice Plaintiffs because the Court has not held an

4   initial scheduling conference, has not set a trial date, has not issued a Case Management Order, and has

5   not issued a discovery schedule.  The first Case Management Conference is scheduled for September 4.

6   *See Spencer Trask Software & Info. Servs.*, 206 F.R.D. 367 ("Good cause [for discovery stay] may be

7   shown where a party has filed a dispositive motion, the stay is for a short period of time, and the

8   opposing party will not be prejudiced by the stay.").   Accordingly, the Court should grant Defendants'

9   Motion and stay all discovery until two weeks after the Court issues an order on Defendants' Motions

10  to Dismiss.

11  **V.     <u>CONCLUSION</u>**

12         In light of the absence of potential prejudice to Plaintiffs and the well-founded nature of

13  Defendants' pending dispositive Motions to Dismiss, Defendants respectfully request that the Court

14  stay all discovery until two weeks after the Court issues an order regarding the Motions to Dismiss.

15

16  DATED:  June 30, 2014                        REED SMITH LLP

17                                              By:   _/s/ *Raymond Y. Kim*_____
                                                     Raymond Y. Kim
18                                                   Attorneys for Defendants
                                                     Apollo Education Group, Inc., and
19                                                   University of Phoenix, Inc.

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' MOTION FOR PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  I am employed in the office of a member of the bar of this court at whose direction the service was made.  My business address is REED SMITH LLP, 355 S. Grand Avenue, Suite 2900, Los Angeles, CA 90017.

On June 30, 2014, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet, as listed below.

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

M. Helen Bernstein                      Telephone:     (510) 938-6870
3416 Deerwood Terrace, #113
Fremont, CA 94536
Email:  mhelenbernstein@yahoo.com
**PLAINTIFF PRO SE**

Krislee Cardinal Hall                   Telephone:     (408) 609-4648
329 N. Vanderhurst Avenue, Apt. B
King City, CA 93930
Email:  krislee.cardinal@sbcglobal.net
**PLAINTIFF PRO SE**

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on June 30, 2014, at Los Angeles, California.

s/Patty Keen_____
Patty Keen

DEFENDANTS' MOTION FOR PROTECTIVE ORDER