1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10             SAN JOSE DIVISION

| | | |
|---|---|---|
| M. HELEN BERNSTEIN, | ) | Case No.: 13-CV-01701-LHK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' |
| v. | ) | MOTION TO DISMISS PLAINTIFF'S |
| | ) | SECOND AMENDED COMPLAINT; |
| APOLLO GROUP, INC., et al., | ) | DENYING PLAINTIFF'S MOTION TO |
| | ) | SCHEDULE RULE 16 SCHEDULING |
| Defendants. | ) | CONFERENCE |
| | ) | |

Currently before the Court is Defendants Apollo Group, Inc. ("Apollo") and University of

Phoenix, Inc.'s ("UOP") (collectively, "Defendants") Motion to Dismiss Plaintiff M. Helen

Bernstein's ("Bernstein") Second Amended Complaint. ("Mot.") ECF No. 205. Also before the

Court is Bernstein's Request to Schedule Rule 16 Scheduling Conference. ECF No. 236. Pursuant

to Civil Local Rule 7-1(b), the Court concludes that this matter is appropriate for determination

without oral argument and accordingly VACATES the hearing and case management conference

scheduled for September 4, 2014, at 1:30 p.m. Having considered the submissions of the parties

and the relevant law, the Court hereby GRANTS Defendants' Motion to Dismiss with prejudice.

Bernstein's Request to Schedule Rule 16 Scheduling Conference is DENIED as moot.

**I.      BACKGROUND**

     **A.      Factual Background**

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1        Defendant Apollo provides educational programs at the high school, college, and graduate

2    levels. ("SAC") ¶ 4, ECF No. 203. Apollo's subsidiary, Defendant UOP, offers associates,

3    bachelors, masters, and doctoral degree programs in a number of fields, including criminal justice.

4    *Id.* ¶ 5. Bernstein received a Bachelor of Science in Criminal Justice Administration from Phoenix

5    in 2006 and "completed online classes for Masters of Justice and Security Administration" in 2008.

6    *Id.* ¶ 3. However, Bernstein was unable to obtain a job in the criminal justice field. *Id.* ¶¶ 19-20. On

7    April 16, 2013, Bernstein, proceeding *pro se*, filed the present action, asserting claims against

8    Apollo and Phoenix for fraud, breach of contract, unjust enrichment, and breach of the implied

9    covenant of good faith and fair dealing. ECF No. 1; *see also* ("MTD Order I") ECF No. 201 at 2.

10    Bernstein subsequently amended her complaint, such that she now brings claims for: (1) fraud; (2)

11    breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4)

12    concealment; (5) reliance; (6) intentional infliction of emotional distress; (7) negligent infliction of

13    emotional distress; (8) false promise; (9) intentional misrepresentation; (10) negligent

14    misrepresentation; (11) opinions as statement of fact; and (12) invasion of privacy. SAC at 1.

15        The facts underlying all twelve of Bernstein's asserted causes of action are essentially the

16    same. Specifically, Bernstein alleges that Defendants made various misrepresentations to her

17    regarding the nature and value of her criminal justice degrees. Bernstein alleges that prior to

18    enrolling at UOP in August of 2004, Fariba Showghi, "an employee and authorized agent of

19    [D]efendants," and Nancy P., also an "employee of UOP and authorized agent", informed

20    Bernstein: (1) that a degree in criminal justice would enable Bernstein to obtain a job as a special

21    agent with the Federal Bureau of Investigation ("FBI"); (2) that "credits obtained from education at

22    defendants['] institutions were and would be transferrable to any university or college;" and (3)

23    that Bernstein would have lifetime access to UOP's "Student Resource Center[s]." *Id.* ¶¶ 8-9.

24    Bernstein alleges that various UOP professors repeated the representation that a degree in criminal

25    justice from UOP would enable Bernstein to get a job as an FBI special agent at various times

26    during Bernstein's time as a student at UOP. *Id.* ¶¶ 15-18. Bernstein further alleges that Joan

27

28

Case No.: 13-CV-01701-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

1    Rodrigues, the "manager/director" of UOP's Fremont campus, similarly represented that credits

2    from UOP would be transferable to any other learning institution. *Id.* ¶¶ 14, 27.

3          Bernstein maintains that all three representations made to her upon enrolling at UOP in

4    2004 were false. Bernstein contends that upon applying for a job with the FBI, which Bernstein

5    claims to have done in 2008, 2009, and 2010, she discovered that her degrees from UOP did not

6    qualify her for a position as an FBI special agent. *Id.* ¶ 27. Bernstein further contends that she

7    discovered that her credits from UOP were not transferable to "any university or college" in

8    October 2011, when she unsuccessfully attempted to transfer her credits to a real estate program at

9    Ohlone College. *Id.* Bernstein also claims that she was prevented from using a UOP student

10   resource center for personal business in spite of Defendants' representation that she would enjoy

11   lifetime access to these centers. *Id.* ¶ 29.

12         Bernstein identifies additional purported misrepresentations made by UOP employees.

13   Bernstein claims that Joan Rodrigues claimed to have an MBA when she did not. *Id.* ¶ 27.

14   Bernstein also alleges that several of her professors lied about their academic credentials and

15   professional achievements. *Id.* ¶¶ 15-17.

16         Finally, Bernstein states claims arising out of an incident that occurred in the student

17   resource center at UOP's San Jose campus on July 23, 2012. Bernstein alleges that she was using

18   the student resource center to make copies for personal use when Joan Rodrigues "burst" in and

19   "remov[ed] [Bernstein's] documents from the copier." *Id.* ¶ 67. Rodrigues allegedly looked at the

20   documents, which contained unspecified private medical information, and informed Bernstein that

21   the documents were not related to academics. *Id.* Rodrigues then told Bernstein: "You cannot use

22   the copier for non-academic related tasks. This is a green campus." *Id.* Bernstein contends that this

23   incident violated Defendants' promise that she would enjoy lifetime access to UOP student

24   resource centers and also constituted a violation of Bernstein's privacy. *Id.*

25         **B.     Procedural History**

26         Bernstein filed her original complaint in this action on April 16, 2013. ECF No. 1.

27   Bernstein filed an amended complaint adding parties on May 22, 2013. ECF No. 11. Defendants

28

Case No.: 13-CV-01701-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

**United States District Court**
For the Northern District of California

1    moved to dismiss the amended complaint. ECF No. 13. Prior to the Court ruling on Defendants'

2    motion to dismiss, Bernstein sought and receive leave of the court to file a First Amended

3    Complaint, ECF No. 47, which Bernstein filed on July 17, 2013, ("FAC") ECF No. 49.

4        Defendants subsequently moved to dismiss the FAC. ECF No. 55. The Court granted

5    Defendants' motion to dismiss on February 28, 2014. MTD Order I. Although the Court expressed

6    "grave reservations [about] whether Bernstein c[ould] cure the pleading defects" identified in the

7    Court's first MTD Order, the Court nevertheless granted Bernstein leave to amend. *Id.* at 5. In the

8    first MTD Order, the Court additionally denied several motions for joinder seeking to add Nancy

9    Tarleton ("Tarleton") and Krislee Cardinal Hall ("Hall") as plaintiffs. *Id.* at 10-11. The Court

10   reasoned that the "lengthy and meandering" joinder motions did not explain the factual basis for

11   joinder of these would-be plaintiffs, who raised claims that appeared to arise out of a different

12   series of events than those giving rise to Bernstein's claims.[1] *Id.*

13       Bernstein filed the SAC on March 19, 2014. ECF No. 203. Defendants filed the instant

14   Motion to Dismiss the SAC on April 7, 2014. Mot. Bernstein did not file an opposition to

15   Defendants' Motion, but rather filed, on April 8, 2014, a response arguing that Defendants' Motion

16   was "premature as the Second Amended Complaint has not been deemed a live pleading

17   conforming to [the first MTD Order]."[2] ECF No. 207 at 1. Defendants filed a reply in support of

18

19

20   [1] Hall subsequently filed an original action against Defendants on March 26, 2014. *See* Case No.
     14-CV-01404, ECF No. 1. The case was originally assigned to Magistrate Judge Howard R. Lloyd,
21   *see id.*, and then reassigned to Judge Beth Labson Freeman upon Hall's declination of consent to
     proceed before a Magistrate Judge, *see* Case No. 14-CV-01404, ECF No. 17. Defendants sought to
22   relate Hall's case to Bernstein's case. Case No. 13-CV-01701, ECF No. 210. The Court granted the
     motion, as Hall's complaint is nearly identical to Bernstein's SAC. Case No. 14-CV-01404, ECF
23   No. 19. In spite of the similarity between Bernstein's and Hall's claims, the Court addresses
     Defendants' Motion to Dismiss Hall's complaint in a separate order.
24   [2] Bernstein's claim that Defendants' Motion to Dismiss is premature is incorrect. The Court, in its
     first MTD Order, directed Bernstein to file any amended complaint by March 21, 2014. *See* MTD
25   Order I at 12. The Court did not state that any further action by the Court would be required in
     order for an amended complaint to become a "live" pleading, and neither the Federal Rules of Civil
26   Procedure nor the Civil Local Rules contain any such requirement. Accordingly, as in any other
     civil case, the SAC was a live pleading once Bernstein filed it on March 19, 2014. At that point,
27   Defendants were free to move to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6).

28                                                    4
     Case No.: 13-CV-01701-LHK
     ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
     COMPLAINT; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

**United States District Court**
For the Northern District of California

1    their Motion to Dismiss on April 28, 2014. ECF No. 214. On May 16, 2014, Bernstein filed a

2    Request to Schedule Rule 16 Scheduling Conference. ECF No. 236.

3          Since the inception of this case, Bernstein has also filed over two dozen motions seeking to

4    compel discovery. *See* ECF Nos. 160-165, 169-171, 173-182, 228-229, 234, 239-240, 242-243,

5    245, 252. This Court denied some of these motions in its First MTD Order, *see* MTD Order I at 11-

6    12, and Magistrate Judge Paul Singh Grewal denied the remainder without prejudice to their

7    renewal pending this Court's ruling on Defendants' instant Motion to Dismiss, *see* ECF No. 270 at

8    2.

9    **II.      LEGAL STANDARD**

10         A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) tests the legal

11   sufficiency of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When

12   determining whether a claim has been stated, the Court accepts as true all well-pleaded factual

13   allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration*

14   *(Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, a court need not accept as true

15   allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435

16   (9th Cir. 2000), and the "[C]ourt may look beyond the plaintiff's complaint to matters of public

17   record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v.*

18   *Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is the court required to "'assume the truth of

19   legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v.*

20   *Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*,

21   643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted

22   inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183

23   (9th Cir. 2004).

24         While a complaint need not contain detailed factual allegations, it "must contain sufficient

25   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

26   *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A

27

28

Case No.: 13-CV-01701-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

**United States District Court**
For the Northern District of California

1    claim is facially plausible when it "allows the court to draw the reasonable inference that the

2    defendant is liable for the misconduct alleged." *Id.*

3        Complaints drafted by *pro se* litigants are held to "less stringent standards than formal

4    pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court

5    has an obligation to construe *pro se* pleadings liberally and to afford the plaintiff the benefit of any

6    doubt. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). "A district court should not dismiss a

7    *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the

8    complaint could not be cured by amendment." *Id.* (internal quotation marks omitted). "'[B]efore

9    dismissing a *pro se* complaint the district court must provide the litigant with notice of the

10   deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend

11   effectively.'" *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

**III.    DISCUSSION**

13       While the SAC has added some factual detail to support Bernstein's claims and omitted

14   extraneous matter, the Court concludes that even under the liberal pleading standard afforded to

15   *pro se* litigants, the SAC nevertheless fails to state any plausible claim for relief. The Court will

16   address each of Bernstein's claims in turn, before turning to the question of whether to grant leave

17   to amend.

**A.    Fraud (Claims 1, 4, 5, 8, 9, 10, 11)**

19       As with Bernstein's FAC, the SAC raises numerous claims for fraud. *See* MTD Order I at

20   5-6. Specifically, Bernstein's claims for fraud (claim 1), concealment (claim 4), reliance (claim 5),

21   false promise (claim 8), intentional misrepresentation (claim 9), negligent misrepresentation

22   (claim10), and opinions as statements of fact (claim 11), all rely on the allegation that Defendants

23   made false statements regarding the nature and value of a degree in criminal justice from UOP. *See*

24   SAC ¶¶ 27, 32, 34-38, 44-46, 49-53, 55-58, 60-64. What is more, these claims all relate to the same

25   set of misrepresentations—namely, that a degree in criminal justice from UOP would enable

26

27

28

6

Case No.: 13-CV-01701-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

*United States District Court*
For the Northern District of California

1    Bernstein to find work as an FBI special agent and that UOP credits would be transferable to "any"

2    learning institution.[3] *See id.* Accordingly, the Court will discuss these claims as a group.

3           A claim of fraud "must state with particularity the circumstances constituting fraud." Fed.

4    R. Civ. P. 9(b). The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the

5    time, place, and specific content of the false representations as well as the identities of the parties

6    to the misrepresentation." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir.

7    1988) (internal quotation marks omitted).

8           Initially, the Court finds that Bernstein's fraud claims based on Defendants' representation

9    that a UOP degree "in criminal justice administration was all that [Bernstein] needed to apply to

10   become a federal special agent," SAC ¶ 27, are untimely. In California, fraud claims must be

11   brought within three years after the plaintiff discovers the facts giving rise to the fraud. Cal. Civ. P.

12   Code § 338(d). Although Bernstein does not state exactly when she learned that "[t]he credentials

13   from UOP were not respected or accredited in any way by the FBI," Bernstein does allege that she

14   applied for a job with the FBI in 2008, 2009, and 2010. SAC ¶ 27. Accordingly, it would appear

15   Bernstein must have learned that her criminal justice degree was insufficient to qualify her for a

16   position as an FBI special agent as early as 2008. Bernstein did not file this case until April 2013,

17   at least five years after she first applied for a job with the FBI. ECF No. 1. The Court's first MTD

18   Order advised Bernstein that her fraud claims based on Defendants' representation regarding

19   Bernstein's ability to obtain a job with the FBI appeared to be time-barred. *See* MTD Order I at 7.

20   The Court further advised Bernstein that failure to cure the deficiencies identified in the first MTD

21   Order would result in a dismissal with prejudice. *See id.* at 12. In spite of this, Bernstein fails to

22   cure the timeliness defect of this claim. Specifically, the SAC neither alleges that Bernstein

23   discovered that this representation was fraudulent within the three-year limitations period, nor

24

25

26   _____

     [3] Although Bernstein additionally claims that Defendants falsely represented that she would enjoy
27   lifetime access to UOP's student resource centers, none of Bernstein's fraud-based causes of action
     attempts to state a claim based on this alleged misrepresentation. Accordingly, the Court will
28   discuss this allegation only as it relates to Bernstein's contract claims. *See infra* Part III.B.

Case No.: 13-CV-01701-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

United States District Court
For the Northern District of California

1    alleges facts that would toll the statute of limitations. Therefore, Bernstein's fraud claims arising

2    out of this alleged misrepresentation are barred by the statute of limitations and must be dismissed.

3          Bernstein's fraud allegations based on Defendants' representation that Bernstein's UOP

4    criminal justice credits would be transferable to any other learning institution fail as well. For one

5    thing, it is unclear whether claims based on this representation are time-barred. Although Bernstein

6    claims that she did not discover that Defendants' representation regarding the transferability of

7    credits were false until October 19, 2011, when she attempted to transfer her credits to a real estate

8    program at Ohlone College, *e.g.*, SAC ¶ 56, this allegation is not, by itself, sufficient to establish

9    that her claims are timely. Under California's "discovery rule," a cause of action does not accrue

10   "until the plaintiff discovers, or has reason to discover, the cause of action." *Fox v. Ethicon Endo-*

11   *Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). In order for this rule to apply, however, a plaintiff must

12   plead facts to show "the inability to have made earlier discovery *despite reasonable diligence*." *Id.*

13   at 808 (emphasis added) (internal quotation marks omitted). Thus, for her claims to be timely,

14   Bernstein must explain why she could not, through the exercise of reasonable diligence, have

15   discovered her fraud claims based on Defendants' purported misrepresentation regarding

16   transferability of credits prior to October 2011. The SAC contains no such allegations of diligence.

17         In any event, even if Bernstein's fraud claims regarding transferability of credits are timely,

18   the claims fail because the purported misrepresentation—that *other* learning institutions *would*

19   accept Bernstein's criminal justice credits from UOP, *see, e.g.*, SAC ¶¶ 9, 27, 44—is a prediction

20   concerning future events and the actions of third parties, rather than a statement regarding an

21   existing fact. "Generally, actionable misrepresentation must be one of existing fact; predictions as

22   to future events, or statements as to future action by some third party, are deemed opinions, and not

23   actionable fraud." *Cohen v. S & S Constr. Co.*, 151 Cal. App. 3d 941, 946 (1983) (internal

24   quotation marks omitted). There are exceptions to this rule where: (1) one party holds himself out

25   to be specially qualified and the other party reasonably relies upon the former's superior

26   knowledge; (2) the opinion is by a fiduciary or other trusted person; or (3) a party states his opinion

27   as an existing fact or as implying facts that justify a belief in the truth of the opinion. *See id.*

28

United States District Court
For the Northern District of California

8

Case No.: 13-CV-01701-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

**United States District Court**
For the Northern District of California

1    However, Bernstein does not allege that any of these exceptions applies.[4] This is in spite of the

2    Court's explicit direction in the first MTD Order that Bernstein would have to allege facts to

3    support the applicability of one of these exceptions in order for her fraud claims to survive a

4    subsequent motion to dismiss. *See* MTD Order I at 6-7 ("If Bernstein asserts that one of these

5    exceptions applies to the opinions and predictions alleged, e.g., that all credits earned at Phoenix

6    would be 100% transferrable to any other institution, she must allege facts showing the application

7    of the exception."). Accordingly, the Court finds that Bernstein fails to identify an actionable

8    fraudulent statement with respect to her claims arising out of Defendants' statement regarding the

9    transferability of credits, and her fraud claims based on this statement must therefore be dismissed.

10           Finally, to the extent Bernstein seeks to bring fraud claims based on assorted other

11   misrepresentations identified in the SAC, the Court finds that Bernstein has failed to state a claim

12   for fraud based on these additional misrepresentations. In particular, Bernstein repeatedly alleges

13   that Joan Rodrigues falsely stated in November 2004 that she had an MBA. *See, e.g.*, SAC ¶ 44.

14   Any effort to state a claim for fraud based on this misrepresentation would fail for lack of reliance,

15   a necessary element of a claim sounding in fraud. *See Engalla v. Permanente Med. Grp., Inc.*, 15

16   Cal. 4th 951, 974 (1997) ("The elements of fraud that will give rise to a tort action for deceit are:

17   (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of

18   falsity (or scienter); (c) intent to defraud, i.e. to induce reliance; (d) *justifiable reliance*; and (e)

19   resulting damage." (emphasis added) (internal quotation marks omitted)). Although Bernstein

20   intimates that Rodrigues's false representation of her academic credentials played some role in

21   convincing Bernstein to enroll in UOP, this allegation is belied by the fact that Rodrigues made the

22   false statement *after* Bernstein's enrollment. *Compare* SAC ¶ 3 (Bernstein began attending UOP in

23   October 2004), *with id.* ¶ 44 (Rodrigues told Bernstein she possessed an MBA in November 2004).

24

25

_____

26   [4] Bernstein does allege that an exception to the general rule that predictions of future events are not
     actionable fraud applies with regard to Defendants' purported misrepresentation that Bernstein's
27   UOP degree would enable her to work as an FBI special agent. *See* SAC ¶ 37. The SAC contains
     no similar allegations with regard to Defendants' remaining purported misrepresentations.

28
                                                          9

**United States District Court**
For the Northern District of California

1    Consequently, Bernstein cannot bring fraud claims based on Rodrigues's allegedly false statement

2    that Rodrigues had an MBA.

3         Bernstein also identifies numerous instances in which her professors allegedly

4    misrepresented their academic and professional credentials. *See id.* ¶¶ 15-17. The SAC appears to

5    tie these misrepresentations to Bernstein's decision to enroll at UOP, but again, Bernstein alleges

6    that her professors made these allegedly false statements *after* Bernstein enrolled and began

7    coursework at UOP. *See id.* Accordingly, these statements cannot serve as a basis for Bernstein's

8    fraud claims either.

9         In sum, the Court concludes that the SAC's causes of action for fraud (claim 1),

10    concealment (claim 4), reliance (claim 5), false promise (claim 8), intentional misrepresentation

11    (claim 9), negligent misrepresentation (claim10), and opinions as statements of fact (claim 11) all

12    fail to state a claim for purposes of Rule 9(b). Accordingly, the Court GRANTS Defendants'

13    Motion to Dismiss these causes of action.

14         **B.     Contract (Claims 2 and 3)**

15         Bernstein's second and third causes of action assert claims for breach of contract (claim 2)

16    and breach of the implied covenant of good faith and fair dealing (claim 3). In California, "[t]he

17    standard elements of a claim for breach of contract are: (1) the contract, (2) plaintiff's performance

18    or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Wall*

19    *St. Network, Ltd. v. N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008). Count 2 of the SAC

20    alleges that Bernstein and Defendants entered into an oral agreement on November 18, 2004,

21    wherein Bernstein would pay for a UOP degree in criminal justice. SAC ¶ 29. Bernstein further

22    alleges that the essential terms of this oral agreement were that Bernstein would receive "[l]ifetime

23    access to Student Resource Center . . . . Credits would be transferable to any learning institution . . .

24    [and] [d]egree would qualify plaintiff to apply for special agent criminal justice position." *Id.* As

25    Defendants point out, *see* Mot. at 6, this claim is barred by California's statute of frauds, which

26    requires that any agreement "that by its terms is not to be performed within a year from the making

27    thereof" be in writing in order to be enforceable. Cal. Civ. Code § 1624(a)(1); *see also, e.g.*,

28

Case No.: 13-CV-01701-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

1    *Rossberg v. Bank of Am., N.A.*, 219 Cal. App. 4th 1481, 1503 (2013) (concededly oral agreement

2    that fell within statute of frauds not enforceable). The alleged agreement was for Bernstein to

3    complete a multiyear criminal justice degree (and to receive "lifetime" access to UOP's student

4    resource centers), something that by its terms was not to be completed within a year of entering the

5    agreement. Accordingly, the agreement alleged in the SAC comes within the statute of frauds and

6    was required to be in writing. As Bernstein concedes that the agreement was oral, SAC ¶ 29,

7    Bernstein's breach of contract claim must be dismissed for failure to allege the existence of an

8    enforceable contract.

9        The absence of a contract is also fatal to Bernstein's claim for breach of the implied

10   covenant of good faith and fair dealing. *See Justo v. Indymac Bancorp*, No. 09-1116, 2010 WL

11   623715, at *7 (C.D. Cal. Feb. 19, 2010) ("Because the alleged oral contract is unenforceable under

12   the statute of frauds, Plaintiffs' breach of implied covenant claim fails with respect to that

13   contract." (citing *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683-84 (1988))). Accordingly,

14   the Court GRANTS Defendants' Motion to Dismiss Bernstein's second and third causes of action.

15       **C.    Emotional Distress (Claims 6 and 7)**

16       Bernstein's sixth and seventh causes of action assert claims for intentional (claim 6) and

17   negligent (claim 7) infliction of emotional distress. "The tort of intentional infliction of emotional

18   distress is comprised of three elements: (1) extreme and outrageous conduct by the defendant with

19   the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2)

20   the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were

21   actually and proximately caused by the defendant's outrageous conduct." *Cochran v. Cochran*, 65

22   Cal. App. 4th 488, 494 (1998). The conduct alleged must be "regarded as atrocious[] and utterly

23   intolerable in a civilized society." *Id.* at 496.

24       Bernstein's allegations of extreme and outrageous conduct fall far short of what is

25   necessary to state a claim for intentional infliction of emotional distress. Bernstein alleges that

26   Defendants misrepresented the value of a UOP degree and that some of Bernstein's professors

27   misrepresented their academic and professional credentials. SAC ¶ 40. On its face, none of this

28

11

Case No.: 13-CV-01701-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

**United States District Court**
For the Northern District of California

1    conduct rises to the level of conduct that is "atrocious[] and utterly intolerable in a civilized

2    society."

3         The elements of a claim of negligent infliction of emotional distress are: (1) the defendant

4    engaged in negligent conduct; (2) the plaintiff suffered serious emotional distress; and (3) the

5    defendants' negligent conduct was a cause of the serious emotional distress. *Butler-Rupp v.*

6    *Lourdeaux*, 134 Cal. App. 4th 1220, 1226 n.1 (2005). Moreover, "unless the defendant has

7    assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is

8    available only if the emotional distress arises out of the defendant's breach of some other legal duty

9    and the emotional distress is proximately caused by that breach of duty." *Potter v. Firestone Tire &*

10   *Rubber Co.*, 6 Cal. 4th 965, 985 (1993). "Even then, with rare exceptions, a breach of the duty

11   must threaten physical injury, not simply damage to property or financial interests." *Id.* In spite of

12   being advised of these pleading requirements in the Court's first MTD Order, the SAC neither

13   identifies any legal duty owed to Bernstein by Defendants, nor explains how Defendants' breach of

14   any duty proximately caused Bernstein emotional distress.

15        Due to the above-described pleading deficiencies, the Court GRANTS Defendants' Motion

16   to Dismiss Bernstein's sixth and seventh causes of action.

17        **D.    Invasion of Privacy (Claim 12)**

18        Bernstein's final claim is for invasion of privacy arising out of the July 23, 2012 incident in

19   which Joan Rodrigues allegedly read "private medical case related information" that Bernstein was

20   copying at the student resource center of UOP's San Jose campus. SAC ¶ 67. Under California law,

21   four distinct types of conduct may give rise to liability for invasion of privacy: "(1) intrusion into

22   private matters; (2) public disclosure of private facts; (3) publicity placing a person in a false light;

23   and (4) misappropriation of a person's name or likeness." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7

24   Cal. 4th 1, 24 (1994). In order to state a claim for invasion of privacy based upon any one of these

25   types of conduct, a plaintiff must allege: (1) a legally protected privacy interest; (2) a reasonable

26   expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious

27   invasion of privacy." *Ruiz v. Gap, Inc.*, 380 F. App'x 689, 692 (9th Cir. 2010) (internal quotation

28

Case No.: 13-CV-01701-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE

United States District Court
For the Northern District of California

1    marks omitted). "'Actionable invasions of privacy must be sufficiently serious in their nature,

2    scope, and actual or potential impact to constitute an egregious breach of the social norms

3    underlying the privacy right." *Id.* (internal quotation marks omitted).

4         The SAC fails to state a claim for invasion of privacy under any of the variants on that

5    claim recognized by California law. As in the FAC, Bernstein does not explain how copying

6    documents in a campus facility gives rise to a reasonable expectation of privacy. *See* MTD Order I

7    at 10. Moreover, although the SAC includes the conclusory statement that "Ms. Rodrigues's

8    conduct was sufficiently egregious to rise to the level of a claim for invasion of privacy," SAC

9    ¶ 66, the SAC fails to allege any facts to support this assertion. Accordingly, the Court concludes

10   that Bernstein fails to state a claim for invasion of privacy and GRANTS Defendants' Motion to

11   Dismiss Bernstein's twelfth cause of action.

12        **E.    Leave to Amend**

13        The Court concludes that granting Bernstein yet another opportunity to amend her

14   complaint would be futile. The SAC is Bernstein's fourth complaint in this action. *See* ECF Nos. 1,

15   11, 49, 203. In addition, Bernstein has filed dozens of other motions, and hundreds of pages of

16   exhibits, in which she has expressed her views concerning Defendants' allegedly unlawful conduct.

17   *See, e.g.*, ECF Nos. 160-165, 169-171, 173-182, 228-229, 234, 239-240, 242-243, 245, 252

18   (motions to compel discovery); ECF Nos. 96-97, 99, 101 (motions for joinder); ECF No. 104

19   (response to Court's October 28, 2013 order amending briefing schedule); ECF Nos. 105-106

20   (requests for the issuance of subpoenas); ECF No. 236 (request to schedule Rule 16 scheduling

21   conference); ECF Nos. 257, 274 (motions to appear by telephone). This list is not exhaustive and

22   excludes Bernstein's motions regarding unrelated cases involving non-party Michael Leon. *See,*

23   *e.g.*, ECF No. 168. Throughout these voluminous filings, and in spite of prior guidance from the

24   Court in the first MTD Order, Bernstein has failed to state any viable claim against Defendants.

25   Accordingly, further amendment would be futile, and thus the Court DISMISSES the SAC with

26   prejudice.

27   **IV.   CONCLUSION**

28
                                              13

*United States District Court*
For the Northern District of California

1          For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss in its

2     entirety with prejudice. As this order terminates the case, there is no need to hold a scheduling

3     conference. Accordingly, Bernstein's Request to Schedule Rule 16 Scheduling Conference is

4     DENIED as moot. The Clerk of the Court shall enter judgment in favor of Defendants and close the

5     file.

6     **IT IS SO ORDERED.**

7

8     Dated: September 2, 2014                                     _Lucy H. Koh_____

9                                                                  LUCY H. KOH
                                                                   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

14

Case No.: 13-CV-01701-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT; DENYING PLAINTIFF'S MOTION TO SCHEDULE RULE 16 SCHEDULING CONFERENCE